UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CAPRICE ELECTRONICS, INC.,

                Plaintiff,                             **REPORT & RECOMMENDATION**
                                                                                   20-CV-5670-RPK-SJB

       v.

THE HANOVER INSURANCE GROUP *d/b/a*
THE HANOVER INSURANCE COMPANY,

                Defendant.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

Plaintiff Caprice Electronics, Inc. ("Caprice") commenced this action against the Hanover Insurance Group ("Hanover") in Kings County Supreme Court in New York on October 20, 2020.[1] Caprice alleges that Hanover, its insurance provider, breached their contract by refusing to investigate and cover damages Caprice sustained after a third party purchased and received $74,000 in goods but failed to pay for them.[2] Hanover removed the case to this Court on alleged diversity jurisdiction on November 20, 2020.[3] Caprice has moved to remand,[4] and because the amount in controversy does not exceed $75,000, the Court respectfully recommends that the motion be granted.

---

[1] Verified Compl. dated Oct. 5, 2020 ("Compl."), attached as Ex. A to Notice of Removal dated Nov. 20, 2020 ("Removal"), Dkt. No. 1.

[2] *See generally id.* ¶¶ 6–11.

[3] Removal.

[4] Notice of Mot. dated Nov. 24, 2020 ("Mot."), Dkt. No. 5.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Caprice is a New York corporation headquartered in Brooklyn, New York that sells electronic goods. (Compl. ¶¶ 1, 3, 6). Hanover is an insurance company licensed to do business in New York with a principal place of business in Massachusetts. (*Id.* ¶ 2). Caprice has a commercial insurance policy ("the Policy") with Hanover. (*Id.* ¶ 4). On May 5, 2020, a third party purchased electronic goods which Caprice delivered; however, Caprice was never paid. (*Id.* ¶ 6). Caprice alleges that Hanover was obligated to compensate it for these losses. (*Id.* ¶¶ 5, 7–10). According to the Complaint, the losses suffered by Caprice due to the fraud were $74,000. (*Id.* ¶ 11). The Complaint, however, does allege that Caprice is entitled to additional damages "in an amount to be determined by the Court." (*Id.* ¶ 18).

Caprice commenced this suit in Kings County Supreme Court in New York on October 20, 2020. (*Id.*). The Complaint contains two causes of action: breach of contract and bad faith. (Compl. ¶¶ 10, 17). On November 20, 2020, Hanover removed the case to this Court on the basis of diversity jurisdiction. (Removal). Caprice moved to remand on November 24, 2020. (Mot.).

DISCUSSION

The federal removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." In other words, an action may be removed from state court "if the district court has original subject matter jurisdiction over the plaintiff's claim." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994). A district court has original subject matter

2

jurisdiction where the parties are diverse and the action satisfies the amount in controversy requirement in 28 U.S.C. § 1332(a), which is "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

In evaluating whether removal on the basis of diversity jurisdiction is proper, the Court's "inquiry cannot be limited to the complaint, as it often can be when removal is based on federal-question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state-court complaint." 14C Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 3723 (4th ed. 2020); *see also Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) ("[I]f subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings. Such materials can include documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." (citations omitted)); 28 U.S.C. § 1446(a) (indicating that a notice of removal should include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders").

> [T]he determination of whether the amount in controversy requirement is satisfied is based as of the time, the notice of removal is filed in federal court. This permits the district court to consider the state court record at the time as well as the contents of the notice of removal.

14AA Wright & Miller, *supra*, § 3702.1. Ultimately, federal courts must "construe the removal statute narrowly, resolving any doubts against removability." *Landesbank Baden-Wurttemberg v. Cap. One Fin. Corp.*, 954 F. Supp. 2d 223, 225 (S.D.N.Y. 2013) (quoting *Stamm v. Barclays Bank of N.Y.*, No. 96-CV-5158, 1996 WL 614087, at *1 (S.D.N.Y. Oct. 24, 1996)); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir.

3

2001) ("[T]he removal statute, like other jurisdictional statutes, is to be strictly construed.").

Because Hanover removed the action, it has the burden of demonstrating that the requirements for diversity jurisdiction have been met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). The parties agree that they are diverse with Hanover, a citizen of New Hampshire and Massachusetts. (Mem. of Law in Supp. of Pl.'s Mot. [to] Remand the Case to State Ct. dated Nov. 24, 2020 ("Mem."), Dkt. No. 5-2 at 3; Mem. of Law in Opp'n to Pl.'s Mot. to Remand dated Dec. 11, 2020 ("Opp'n"), Dkt. No. 9 at 4 n.1).

As for the amount in controversy, "as with other general jurisdictional facts, the party claiming jurisdiction 'must support the jurisdictional amount with competent proof and justify its allegations by a preponderance of the evidence.'" *Graubart v. Jazz Images, Inc.*, No. 02-CV-4645, 2006 WL 1140724, at *3 (S.D.N.Y. Apr. 27, 2006) (quoting *Lasala v. E*Trade Sec. LLC*, No. 05-CV-5869, 2005 WL 2848853, at *3 (S.D.N.Y. Oct. 31, 2005)).

"Since the diversity statute confers jurisdiction over 'civil actions' rather than specific claims alleged in a complaint, a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). Here, although the direct losses from the property theft amount only to $74,000, Hanover contends that the additional damages Caprice seeks from the second cause of action necessarily exceed $1,000, bringing the total damages sought to more than $75,000. (Removal ¶ 8; Opp'n at 1, 6-8). Hanover's position is without merit.

Caprice's second cause of action—alleging bad faith—is coextensive with the first claim.[5] That is, the allegation that Hanover acted in bad faith, (Compl. ¶¶ 13–17), is just another contract claim. The duty of good faith and fair dealing—and any breach of that duty—is a contractual, not a tortious, duty. *Gov't Emps. Ins. Co. v. Saco*, No. 12-CV-5633, 2018 WL 6531608, at *4 (E.D.N.Y. Dec. 11, 2018) ("As this court has previously recounted, bad-faith actions sound in contract, not tort, because of 'the general principle that a covenant of good faith and fair dealing is implied in all contracts, including insurance policies.'" (citation omitted) (quoting *Smith v. Gen. Accident Ins. Co.*, 91 N.Y.2d 648, 652–53 (1998))); *Zawahir v. Berkshire Life Ins. Co.*, 22 A.D.3d 841, 842 (2d Dep't 2005) ("Assuming that the plaintiff intended to allege 'insurance bad faith,' he failed to state a cause of action, as 'there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations' under an insurance contract." (quoting *Cont'l Cas. Co. v. Nationwide Indem. Co.*, 16 A.D.3d 353, 355 (2d Dep't 2005))); *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 817 (2d Cir. 2014) ("A breach of the covenant is considered a breach of the underlying contract"). Indeed, the Complaint alleges that Hanover's bad faith was a "breach of contract." (Compl. ¶ 18).

---

[5] The parties rely on New York contract law without explaining their choice. As a result, and in the absence of any public policy to the contrary, the Court applies New York law. *Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984) ("[I]n the absence of a strong countervailing public policy, the parties to litigation may consent by their conduct to the law to be applied."); *e.g., Blodgett v. Siemens Indus., Inc.*, No. 13-CV-3194, 2018 WL 385477, at *5 (E.D.N.Y. Jan. 11, 2018) ("Plaintiffs' . . . citation solely to New York law in support of their . . . claims in their prior submissions is deemed by this Court to constitute an implied consent to use New York law, which settles the choice of law issue in favor of the application of New York law."); *Travelers Indem. Co. v. Harrison Constr. Grp. Corp.*, No. 06-CV-4011, 2008 WL 4725970, at *3 n.5 (E.D.N.Y. Oct. 22, 2008) (applying New York law where both parties "almost exclusively" relied on New York law in their briefs and the parties resided or were incorporated in New York).

And because the bad faith claim makes no additional factual allegations beyond those contained in the breach of contract claim, the second cause of action may be disregarded in evaluating subject matter jurisdiction. *See Dist. Lodge 26, Int'l Ass'n of Machinists v. United Techs. Corp.*, 610 F.3d 44, 54 (2d Cir. 2010) ("[I]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." (quoting *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 508 (2d Cir.2005) (applying California law)); *Natale v. Beth Isr. Med. Ctr.*, No. 14-CV-2844, 2014 WL 5374349, at *2 (S.D.N.Y. Oct. 10, 2014) (same, New York law).

To be sure, the "bad faith" claim makes a separate demand for "consequential damages," which Hanover suggests is sufficient, along with the $74,000 in alleged losses, to satisfy the amount in controversy. Not so.

In New York, "[i]t is well established that in actions for breach of contract, the nonbreaching party may recover . . . 'unusual or extraordinary damages [that] have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *Kenford Co. v. County of Erie*, 73 N.Y.2d 312, 319 (1989) (quoting *Chapman v. Fargo*, 223 N.Y. 32, 36 (1918)); *accord Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 439–40 (S.D.N.Y. 2004) (same). "In determining the reasonable contemplation of the parties, the nature, purpose and particular circumstances of the contract known by the parties should be considered" in addition to "'what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made.'" *Kenford Co.*, 73 N.Y.2d at 319 (quoting *Globe Refin. Co.*

6

*v. Landa Cotton Oil Co.*, 190 U.S. 540, 544 (1903)). In other words, "[t]o recover consequential damages under New York law, the damages must be foreseeable to the parties." *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 266 (S.D.N.Y. 2017).

Without some evidence—in the Complaint or elsewhere—that consequential damages were contemplated by the parties, a claim for such damages cannot assist in meeting the amount in controversy. *See id.*; *Ijemba v. Litchman*, No. 02-CV-190, 2007 WL 1705074, at *1 (S.D.N.Y. June 14, 2007) (finding amount in controversy requirement not met when complaint did not assert that consequential damages were in contemplation of the parties), *report and recommendation adopted*, Order (Aug. 6, 2007). Here, the Complaint is devoid of information to suggest that consequential damages were contemplated by the parties. Caprice only alleges that Hanover's conduct has caused Caprice "to suffer additional damage to their Premises" and "to incur additional legal fees." (Compl. ¶¶ 14, 16). No further details about the type, extent, or foreseeability of such damages are alleged. And Caprice did not attach a copy of the insurance contract to the Complaint or to its motion.[6] Therefore, there is no evidence to support a finding that consequential damages were foreseeable, and, as a result, the Court will not "include any claim for consequential damages in in calculating the amount in controversy." *Bracken*, 290 F. Supp. 3d at 266 ("Here, the contract has not been included in the record and there is no description of any agreement between the parties as to consequential damages. The consequential damages are not described in the complaint. We thus do not include any claim for consequential damages in

---

[6] Hanover's answer includes an excerpt of the contract at issue. (*See* Answer, Affirmative Defenses, and Jury Demand dated Nov. 30, 2020 ("Answer"), Dkt. No. 6, Second Affirmative Defense ¶ 1). But this excerpt provides no indication that consequential damages were contemplated.

7

calculating the amount in controversy."); *Robinson v. Berkshire Life Ins. Co.*, No. 18-CV-7689, 2019 WL 1614831, at *3 n.3 (S.D.N.Y. Apr. 16, 2019) (same).[7]

In sum, there is only a single claim—breach of contract—whose total claimed damages do not exceed $74,000, and the action does not therefore satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction. And as such, the case must be remanded. *See, e.g.*, *John Wiley & Sons, Inc. v. Glass*, No. 10-CV-598, 2010 WL 1848226, at *4 (S.D.N.Y. May 7, 2010) ("[B]ased on the limited amount of information available in the declarations, and other documents submitted by the parties, and the fact that I must resolve all doubts against removability, I conclude that Glass has not satisfied her burden of showing a reasonable probability that the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, the Court does not have subject matter jurisdiction of this action.").

## CONCLUSION

The Court respectfully recommends that Caprice's motion be granted and that the case be remanded to New York Supreme Court, Kings County.

---

[7] Caprice only seeks attorney's fees as a component of consequential damages. (Compl. ¶¶ 14, 18). In any event, attorney's fees do not factor into meeting the amount in controversy if they are not recoverable as of right under the applicable statute or contract. *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85–86 (2d Cir. 2012). That is not the case here, since the Complaint does not allege a prevailing party in litigation is entitled to attorney's fees under the insurance contract or any applicable law.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

SO ORDERED.

/s/ *Sanket J. Bulsara*  March 26, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York